## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LAW OFFICE OF
ROBERT D. KOBIN, ESQ., LLC
66 Sunset Strip, Suite 205
Succasunna, NJ 07876
Phone: 973-584-1400; Fax 973-584-8747
robertkobin@kobinlawllc.com
Attorney for Plaintiff
Attorney ID: 5312

| | |
|---|---|
| AMANDA SAMPEY, | |
| Plaintiffs, | Civil Action No. |
| v. | CIVIL ACTION |
| TOWNSHIP OF WEST ORANGE; TOWNSHIP OF WEST ORANGE POLICE DEPARTMENT; JAMES ABBOTT, CHIEF OF POLICE; MATTHEW FUELA, DEPUTY CHIEF; MICHAEL KEIGHER, DEPUTY CHIEF; OFFICER MICHAEL GALLO; YVONNE BOWERS, WEST ORANGE COURT ADMINISTRATOR; JOHN/JANE DOES 1-5 (Supervisors); JAMES/JEAN DOES 6-10 (Police Officers) | COMPLAINT AND JURY DEMAND |
| Defendants. | |

Plaintiff, Amanda Sampey residing 115 Old Short Hills Road, Apt. 545, West Orange, NJ 07052, by way of Complaint against the Defendants herein, says:

## JURISDICTION

1

1.      At all times relevant herein, the Plaintiff Amanda Sampey was a resident of the State of New Jersey residing at the above location.

2.      At all times relevant herein, upon information and belief, the individual Defendants were residents of the State of New Jersey.

3.      At all times relevant herein, the public entity defendants were organized under the laws of the State of New Jersey.

4.      Jurisdiction is proper within this United Stated District Court for the District of New Jersey, pursuant to 28 U.S.C. Sec. 1331 as the matter in controversy involves Federal questions under 42 U.S.C. Sec. 1983. The Court has supplemental jurisdiction over the Plaintiff's State law claims pursuant to 28 U.S.C. Sec. 1367.

## THE PARTIES

1.      Defendant Township of West Orange (hereinafter "West Orange") is a Municipal entity incorporated pursuant to the Municipal Laws of the State of New Jersey and at all times relevant hereto maintained a police department and furthermore, at all times relevant hereto Defendant the Township of West Orange had the duty to exercise its powers and authority over the police department pursuant to N.J.S.A. 40A:14-118, et seq. and to provide training, supervision and/or overall management of the Defendant West Orange Police Department and other employees such as the Defendant Court Administrator.

2.      Defendant Township of West Orange Police Department (hereinafter "Police Department") is a law enforcement agency whose principal place of business is located at 60 Main Street, West Orange, New Jersey 07052 and at all times relevant

2

hereto Defendant Police Department had the duty to provide training, supervision and/or overall management of the Township of West Orange Police Department Officers.

3. Defendant Chief of Police James P. Abbott (hereinafter "Chief Abbott") at all times relevant hereto was the Chief of Police of the Township of West Orange responsible for the operation and management of the police department, department personnel, and/or for the enforcement of laws within the Township of West Orange, pursuant to N.J.S.A. 40A:14-118, et seq. as set forth herein in further detail. Defendant Abbott is named in both his individual and official capacities, and at all times relevant hereto was acting under color of State Law.

4. Defendant Matthew Fuela, at all times relevant hereto, was a Deputy Chief of Police of the Township of West Orange responsible for the operation and management of the police department, department personnel, and/or for the enforcement of laws within the Township of West Orange, pursuant to N.J.S.A. 40A:14-118, et seq. as set forth herein in further detail. Defendant Fuela is named in both his individual and official capacities, and at all times relevant hereto was acting under color of State Law.

5. Defendant Michael Keigher, at all times relevant hereto, was a Deputy Chief of Police of the Township of West Orange responsible for the operation and management of the police department, department personnel, and/or for the enforcement of laws within the Township of West Orange, pursuant to N.J.S.A. 40A:14-118, et seq. as set forth herein in further detail. Defendant Keigher is named in both his individual and official capacities, and at all times relevant hereto was acting under color of State Law.

6. Defendant Michael Gallo (hereinafter "Gallo") was at all times relevant hereto a police officer with the Township of West Orange responsible for upholding and enforcing the law and maintaining the peace in the Township of West Orange and at all times relevant hereto was responsible for the arrest and incarceration of the Plaintiff on 4/28/22. Defendant Gallo is named in both his individual and official capacities, and at all times relevant hereto was acting under color of State Law.

7. Defendant Yvonne Bowers, (hereinafter "Bowers") was at all times relevant hereto, the Court Administrator for the Township of West Orange, New Jersey and was responsible for those duties associated with the position of Court Administrator and is the individual that issued the Warrant Complaint leading to the arrest of the Plaintiff on 4/28/22. Defendant Bowers is named in both her individual and official capacities, and at all times relevant hereto was acting under color of State Law.

8. Defendants John/Jane Does 1-5 are fictitious persons/law enforcement supervisors whose identities are unknown at this time, and at all times relevant hereto were responsible for the response, investigation and/or enforcement of the laws within the Township of West Orange and/or were responsible for the training, supervision and/or management of the Township of West Orange Police officers named herein. At such time as their identities become known, this complaint will be amended to name the known persons. Defendants John/Jane Does supervisors 1-5 are named in both their individual and official capacities, and at all times relevant hereto was acting under color of State Law.

12. Defendants James/Jean Does 6-10 are fictitious names for police officers, and law enforcement personnel responsible for upholding and enforcing the law and

4

maintaining the peace in the Township of West Orange and at all times relevant hereto were responsible for the arrest and incarceration of the Plaintiff on 4/28/22. Defendants James/Jean Does 6-10 are named in both their individual and official capacities, and at all times relevant hereto were acting under color of State Law.

14. At all relevant times herein Defendants Abbott, Fuela, Keigher, Gallo, Bowers, John/Jane Does 1-5 and James/Jean Does 6-10 acted as employees, agents and/or servants and/or with the permission of the Defendants Township of West Orange and the Township of West Orange Police Department.

## FACTUAL BACKGROUND

1. According to the investigation conducted to date, and documents in Plaintiff's possession, it appears that on April 26, 2022 the father of the Plaintiff's child, herein identified as "AC" responded to the West Orange Police Department alleging that the Plaintiff had driven by his home in or about February of 2022 and that his "Ring" doorbell camera recorded the Plaintiff driving by his home located in West Orange, New Jersey. AC allegedly showed the police a video from his doorbell camera. The Warrant Complaint states that there was a civil restraint order stating "the parties shall not stalk or follow the other or appear at the other parties residence uninvited or unannounced". Purportedly, based upon this information, Warrant Complaint 0722 W 2022 000092 was issued by Defendant Yvonne Bowers on 4/26/22.

2. After the issuance of the Warrant Complaint on 4/26/22 the Plaintiff, through counsel, was advised that the Warrant Complaint was issued, and as a result of this communication, the Plaintiff turned herself in to the West Orange Police Department

and was processed by an unknown West Orange Police Officer and subsequently incarcerated in the Essex County Jail until 4/29/22 at which time she was released.

3. The Warrant Complaint alleged a violation of NJSA 2C:29-9A. The Complaint was administratively dismissed in that there was no basis, legally or factually for the Complaint to have been issued.

4. At the time of the alleged incident, the issuance of the Warrant Complaint and the arrest on 4/28/22, AC and the Plaintiff were parties to a "Consent Order for Civil Restraints" that had been entered in a Family Court matter pertaining to custody, parenting time, and support as to their common child. The Docket # for that Family Court matter is SSX FD-19-114-21.

5. The first paragraph of the Consent Order for Civil Restraints that was filed on 1/18/22 states, "Plaintiff agrees to dismiss the temporary restraining order pending in the Essex County Superior Court under Docket # FV-07-1596-22".

6. As set-forth above, Warrant Complaint 0722 W 2022 000092 references a "Civil Restraint Order" and a violation of NJSA 2C:29-9A, which statute references 2C:28-5.1, i.e. protective orders in criminal matters where there is reason to believe that an individual will engage in witness tampering or witness intimidation. NJSA 2C:29-9A could not form the basis for the issuance of a Warrant Complaint given the facts in this matter and, no reasonable objective law enforcement officer or Court Administrator could so interpret the statute. Any such attempted interpretation and utilization of NJSA 2C:29-9A could only emanate from total and absolute ignorance of the criminal statutes and domestic violence laws of this State and/or be the product of malice, wanton, and reckless disregard of the rights of the Plaintiff and/or undertaken intentionally to deprive

the Plaintiff of her constitutional rights. In that there was no existing or pending domestic violence proceeding or order at the time of the issuance of the Warrant Complaint and the arrest of the Plaintiff, NJSA 2C:29-9.b is also patently inapplicable and Defendants Gallo Bowers knew or should have known of the inapplicability of the statute. NJSA 2C:25-30 and 31 are also not relevant to this matter being based on the existence of an active domestic violence order which the Defendants knew did not exist.

## FIRST COUNT

### False Arrest/False Imprisonment

1. Plaintiff repeats and reiterates the allegations of "The Parties" and "Factual Background" as though set forth verbatim herein.

2. Probable cause did not exist for the issuance of the Warrant for the arrest of the Plaintiff Amanda Sampey and the actual arrest of the Plaintiff on 4/28/22. No criminal statute or other statute supported the arrest of the Plaintiff under the facts that existed at that time.

3. At the time of the issuance of the arrest warrant, and the arrest of the Plaintiff, Defendants Gallo and Bowers acted in bad faith, with actual malice, and/or wanton and willful disregard of persons who foreseeably might be harmed by Defendants' actions. The obvious lack of probable cause is tantamount to intentional conduct on the part of these Defendants. No reasonable, objective police officer or officer of the court, giving these Defendants every benefit of the doubt, could conclude that probable cause existed for the issuance of a warrant.

4.	Under the facts and circumstances presented herein the Defendants cannot assert qualified immunity or any type of immunity given the malicious, and intentional conduct of the Defendants.

5.	It was the policy and/or custom of defendants Township of West Orange and/or the Township or West Orange Police Department, to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives such that the actions and/or inaction of the entity would be deemed deliberate indifference to the rights and privileges of citizens such as the Plaintiff.

6.	As a result of the false arrest/false imprisonment of the Plaintiff, the plaintiff was wrongfully detained and/or deprived of her freedom and liberty.

7.	As a direct and proximate result of the false arrest/false imprisonment of the Plaintiff, the Plaintiff suffered humiliation, emotional damages, deprivation of her liberty, and damage to her reputation which are permanent in nature.

8.	Pursuant to N.J.S.A. 2A:15-5.10 Plaintiff prays for punitive damages.

WHEREFORE, Plaintiff Amanda Sampey demands judgment against Defendants Township of West Orange, Township of West Orange Police Department, James Abbott, Matthew Fuela, Michael Keigher, Michael Gallo, Yvonne Bowers, John/Jane Does 1-5 and James/Jean Does 6-10 jointly, severally or in the alternative, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

## SECOND COUNT

## Malicious Prosecution

8

1.      Plaintiff repeats and makes a part hereof the allegations contained in The Parties, Factual Background and the First Count as though set forth verbatim herein.

2.      The Warrant Complaint 0722 W 2022 000092 charging the Plaintiff with a violation of 2C:29-9A was without probable cause and was instituted against the Plaintiff by the Defendants Bowers and Gallo with actual malice, and the result of a lack of supervision and training by supervising officers including Defendant Chief, Deputy Chiefs and John/Jane Does 1-5 supervisors as well as the Township of West Orange and the police department all of which constituted deliberate indifference.

3.      It was the policy and/or custom of defendants Township of West Orange, West Orange Police Department and supervising Defendants to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives such that their conduct constituted deliberate indifference to the rights and privileges of individuals such as the Plaintiff Amanda Sampey.

4.      Said malicious prosecution committed by the defendants was committed with actual malice, and/or with a wanton and willful disregard of persons who foreseeably might be harmed by defendants' actions.

5.      As a direct and proximate result of the malicious prosecution of the plaintiff, the Plaintiff suffered humiliation, emotional damages, deprivation of her liberty, and damage to her reputation which are permanent in nature.

6.      Pursuant to NJSA 2A:15-5.10 plaintiff prays for punitive damages.

WHEREFORE, Plaintiff Amanda Sampey demands judgment against Defendants Township of West Orange, Township of West Orange Police Department, James Abbott, Matthew Fuela, Michael Keigher, Michael Gallo, Yvonne Bowers, John/Jane

Does 1-5 and James/Jean Does 6-10 jointly, severally or in the alternative, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

### THIRD COUNT

### Intentional Infliction of Emotional Distress

1. Plaintiffs repeat and make a part hereof the allegations contained in The Parties, Factual Background and First and Second Counts as though set forth verbatim herein.

2. The Defendants' false arrest, false imprisonment, and malicious prosecution of the Plaintiff Amanda Samey was intentional and/or reckless conduct that the Defendants knew or should have known would cause the Plaintiff to suffer severe emotional distress.

3. The Defendants false arrest, false imprisonment and malicious prosecution of the Plaintiff was extreme and/or outrageous under the circumstances.

4. As a direct and proximate result of the false arrest, false imprisonment and malicious prosecution of the plaintiff, the Plaintiff suffered humiliation, emotional damages, deprivation of her liberty, and damage to her reputation which are permanent in nature.

5. The emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

6. Said intentional infliction of emotional distress committed by the defendants was with deliberate indifference, actual malice, and/or with a wanton and willful disregard of persons who foreseeably might be harmed by Defendants' actions.

7. It was the policy and/or custom of Defendants Township of West Orange, West Orange Police Department and supervising Defendants to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives such that their conduct constituted deliberate indifference to the rights and privileges of individuals such as the Plaintiff Amanda Sampey.

8. Pursuant to N.J.S.A. 2A:15-5.10 Plaintiff prays for punitive damages.

WHEREFORE, Plaintiff Amanda Sampey demands judgment against Defendants Township of West Orange, Township of West Orange Police Department, James Abbott, Matthew Fuela, Michael Keigher, Michael Gallo, Yvonne Bowers, John/Jane Does 1-5 and James/Jean Does 6-10 jointly, severally or in the alternative, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

## FOURTH COUNT

### The Arrest and Incarceration of the Plaintiff Amanda Sampey Without Probable Cause In Contravention of Article I, Paragraph 7 of the New Jersey Constitution and N.J.S. 10:6-1 et. seq. and the Fourth Amendment and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. Sec. 1983.

### Defendants Gallo and Bowers and James/Jean Does 6-10

1. Plaintiff Amanda Sampey repeats and reiterates the allegations of the Parties, Factual Background, and Counts One, Two, and Three as though set forth verbatim herein.

2. The seizure, arrest and incarceration of the Plaintiff Amanda Sampey, was without probable cause in that there was no objective basis for the actions of the Defendant Officers.

11

3. The actions of the Defendant Officers and Defendant Bowers violated the clearly established Constitutional right of the Plaintiff not to be subjected to seizure of her person without probable cause. A reasonable law enforcement officer and/or Court Administrator in the circumstances presented knew or should have known that they were violating the Constitutional right of the Plaintiff to be free from unreasonable searches and seizures, i.e. searches and seizures not premised upon probable cause. The actions of the Defendant Officers and Defendant Bowers constitute violations of Article I, Paragraph 7 of the New Jersey Constitution and N.J.S.A. 10:6-1 et seq. and the Fourth and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. Sec. 1983.

4. The issuance of the arrest warrant and the subsequent arrest of the Plaintiff Amanda Sampey was the result of malicious, wanton, and reckless conduct such that one could conclude that the actions of Defendants Gallo and Bowers and James/Jane Does 6-10 were intentional and that Defendants Gallo and Bowers and James/Jane Does 6-10 would not be entitled to qualified immunity or other alleged immunity to whatever degree.

5. As a direct result of the violation of Article I, Paragraph 7 of the New Jersey Constitution and N.J.S.A. 10:6-1 et seq. and the Fourth and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. Sec. 1983, the Plaintiff Amanda Sampey, suffered humiliation, emotional damages, deprivation of her liberty, and damage to her reputation which are permanent in nature.

WHERERFORE, Plaintiff Amanda Sampey demands judgment against Defendants Township of West Orange, Township of West Orange Police Department,

James Abbott, Matthew Fuela, Michael Keigher, Michael Gallo, Yvonne Bowers, John/Jane Does 1-5 and James/Jean Does 6-10 jointly, severally or in the alternative, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

## FIFTH COUNT

### Punitive Damages

### Defendants Gallo and Bowers and James/Jean Does 6-10

1. Plaintiff Amanda Sampey repeats and reiterates the allegations of the Parties, Factual Background, First, Second, Third, and Fourth Counts as though set forth verbatim herein.

2. The actions of Defendant Officers and Defendant Bowers and James/Jean Does 6-10 as set-forth herein were intentional, wanton and willfully in disregard of the Constitutional rights and the physical well-being of the Plaintiff. Pursuant to N.J.S.A 2A:15-10 et seq. and principles of Federal common law applicable to Constitutional violations, the imposition of punitive damages would be justified given the nature of the actions of the Defendant Officers.

WHEREFORE, Plaintiff Amanda Sampey demands judgment against Defendants Township of West Orange, Township of West Orange Police Department, James Abbott, Matthew Fuela, Michael Keigher, Michael Gallo, Yvonne Bowers, John/Jane Does 1-5 and James/Jean Does 6-10 jointly, severally or in the alternative, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

## SIXTH COUNT

13

### Defendant Supervisors Chief James Abbott, Deputy Chief Matthew Fuela, Deputy Chief Michael Keigher and James/Jean Does 1-5

1. Plaintiff Amanda Sampey repeats and reiterates the allegations of the Parties, Factual Background, First, Second, Third, Fourth and Fifth Counts as though set forth verbatim herein.

2. The Defendant Supervisors were directly aware, or should have been aware, of the danger of the Defendant Officers probable violation of a citizen's Constitutional right not to be subject to unreasonable seizure.

3. Despite this knowledge, the Defendant Supervisors took no steps to discipline, terminate, train and/or supervise the Defendant Officers such that they would not engage in the violation of the Constitutional rights of individuals such as the Plaintiff Amanda Sampey.

4. Defendant Supervisors were deliberately indifferent to the dangers presented by the Defendant Officers while engaged in their purported law enforcement duties under color of State law. This deliberate indifference was a product of the policy and/or custom of the Defendant Supervisors to condone the actions of the Defendant Officers by virtue of the Defendant Officers training, supervision, and the policies, procedures and directives promulgated and carried out by the Defendant Supervisors.

5. As a direct result of this deliberate indifference of Defendant Supervisors and the policy and customs promulgated and carried out by the Defendant Supervisors, Plaintiff Amanda Sampey was subjected to an illegal and unconstitutional seizure of her person, thereby causing her to be wrongfully incarcerated, and to suffer humiliation,

emotional damages, deprivation of her liberty, and damage to her reputation which are permanent in nature.

6. As a direct result of the Defendant Supervisors' deliberate indifference and the above referenced policies and/or customs, Plaintiff's civil rights were violated in contravention of 42 U.S.C. Sec. 1983, and the Fourth and Fourteenth Amendments of the U.S. Constitution.

7. As a direct result of the Defendant Supervisors' deliberate indifference and the above referenced policies and/or customs, Plaintiff's civil rights were violated in contravention of Article I, Paragraph 7 of the New Jersey Constitution and N.J.S. 10:6-1 et. seq.

WHEREFORE, Plaintiff Amanda Sampey demands judgment against Defendants Township of West Orange, Township of West Orange Police Department, James Abbott, Matthew Fuela, Michael Keigher, Michael Gallo, Yvonne Bowers, John/Jane Does 1-5 and James/Jean Does 6-10 jointly, severally or in the alternative, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

## SEVENTH COUNT

### Defendant Township of West Orange and Township of West Orange Police Department

1. Plaintiff Amanda Sampey repeats and reiterates the allegations of the Parties, Factual Background, First, Second, Third, Fourth, Fifth and Sixth Counts as though set forth verbatim herein.

15

2.  It was the policy and/or custom of the Defendants to condone the actions of the Townships' police officers and employees such as the Defendant Officers and Court Administrator by virtue of their training, supervision, policies, procedures and/or directives. The Defendants were deliberately indifferent to the probability that the Defendant Officers and Court Administrator would engage in conduct that resulted in the unlawful seizure of the person of individuals such as the Plaintiff Amanda Sampey.

3.  As a direct result of the deliberate indifference of Defendant Township and the policy and customs promulgated by the Defendant Township, Plaintiff Amanda Sampey was subjected to an illegal and unconstitutional seizure of her person, thereby causing her to be wrongfully incarcerated, and to suffer humiliation, emotional damages, deprivation of her liberty, and damage to her reputation which are permanent in nature.

4.  As a direct result of the Defendants' deliberate indifference and the above referenced policies and/or customs, Plaintiff's civil rights were violated in contravention of 42 U.S.C. Sec. 1983, and the Fourth and Fourteenth Amendments of the U.S. Constitution.

5.  As a direct result of the Defendants' deliberate indifference and the above referenced policies and/or customs, Plaintiff's civil rights were violated in contravention of Article I, Paragraph 7 of the New Jersey Constitution and N.J.S. 10:6-1 et. seq.

WHEREFORE, Plaintiff Amanda Sampey demands judgment against Defendants Township of West Orange, Township of West Orange Police Department, James Abbott, Matthew Fuela, Michael Keigher, Michael Gallo, Yvonne Bowers, John/Jane Does 1-5 and James/Jean Does 6-10 jointly, severally or in the alternative, for

compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

## EIGHTH COUNT

### Violation of NJ Court Rules 3:3-1, 3:4-1

1.   Plaintiff Amanda Sampey repeats and reiterates the allegations of the Parties, Factual Background, First, Second, Third, Fourth, Fifth, Sixth and Seventh Counts as though set forth verbatim herein.

2.   As set-forth in the Factual Background, the Plaintiff Amanda Sampey was incarcerated on Warrant 0722-W-2022-000092 on 4/28/22. The charging and incarceration of the Plaintiff on a Warrant was the result of the willful, wanton, malicious and/or intentional conduct of Defendant Officers and Court Administrator, and therefore, in direct contravention of N.J. Court Rules 3:3-1, 3:4-1, case law and/or statutes applicable to pre-trial detention. As a direct and proximate result of the Plaintiff's incarceration on this Warrant, the Plaintiff suffered humiliation, emotional damages, deprivation of her liberty, and damage to her reputation which are permanent in nature.

3.   An objective and reasonable police officer and Court Administrator in the position of the Defendant Officers and Court Administrator would know or should have known that their actions violated the referenced N.J. Court Rules.

4.   The charging of the Plaintiff on a Warrant Complaint by the Defendant Officers and/or Court Administrator was committed with actual malice, intentionally and/or with a wanton and willful disregard of persons who foreseeably might be harmed by the Defendants' action. Pursuant to N.J.S.A. 2A:15-5.10, Plaintiff Amanda Sampey prays for punitive damages.

3. It was the policy and/or custom of the Township Defendants and Defendant Supervisors to condone and/or encourage violations of Court Rules, case law, and statutes, pertaining to pre-trial detention and by virtue of the training of officers, supervision, policies, procedures and/or directives, these Defendants would be deemed to have been deliberately indifferent to violations of the Court Rules, case law and statutes governing the issuance of Warrants and pre-trial detention.

4. As a direct and proximate result of the violation of the rules pertaining to pre-trial detention and issuance of Warrants, Article I, paragraph 7 of the N.J. Constitution, the Fourth and Fourteenth Amendments of the U.S. Constitution, the Plaintiff was caused to be unlawfully incarcerated and as such suffered humiliation, emotional damages, deprivation of her liberty, and damage to her reputation which are permanent in nature.

WHEREFORE, Plaintiff Amanda Sampey demands judgment against Defendants Township of West Orange, Township of West Orange Police Department, James Abbott, Matthew Fuela, Michael Keigher, Michael Gallo, Yvonne Bowers, John/Jane Does 1-5 and James/Jean Does 6-10 jointly, severally or in the alternative, for compensatory damages, punitive damages, interest, counsel fees, costs of suit and any other relief the Court deems just.

## JURY DEMAND

Plaintiff hereby requests trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Robert D. Kobin, Esq. is hereby designated as trial counsel for the Plaintiff in the above.

## CERTIFICATION

1. The within matter in controversy is not the subject of any other action pending in any court or any pending arbitration proceeding.

2. No other action or an arbitration proceeding is contemplated by Plaintiff herein.

3. No other party should presently be joined in this action.

LAW OFFICE OF<br>
ROBERT D. KOBIN, ESQ., LLC

Dated: April 26, 2024     By: /s/ Robert D. Kobin
                              Robert D. Kobin (RK 5312)