**TRENK ISABEL SIDDIQI & SHAHDANIAN P.C.**
Richard D. Trenk, Esq.
290 W. Mt. Pleasant Avenue, Suite 2370
Livingston, NJ 07039
(973) 533-1000
Email:  rtrenk@trenkisabel.law
*Attorney for Defendants Township of West Orange, Township of West Orange Police Department, James Abbott, Chief of Police, Matthew Fuela, Deputy Chief, Michael Keigher, Deputy Chief, Officer Michael Gallo*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMANDA SAMPEY, | Civil Action |
| Plaintiff, | Case No. 2:24-cv-05691-MEF-JRA |
| v. | |
| TOWNSHIP OF WEST ORANGE, TOWNSHIP OF WEST ORANGE POLICE DEPARTMENT, JAMES ABBOTT, CHIEF OF POLICE, MATTHEW FUELA, DEPUTY CHIEF, MICHAEL KEIGHER, DEPUTY CHIEF, OFFICER MICHAEL GALLO, YVONNE BOWERS, WEST ORANGE COURT ADMINISTRATOR, JOHN/JANE DOES 1-5 (Supervisors); JAMES/JEAN DOES 6-10 (Police Officers), | **TOWNSHIP DEFENDANTS' ANSWER TO COMPLAINT, THIRD-PARTY COMPLAINT, JURY DEMAND AND AFFIRMATIVE DEFENSES** |
| Defendants, | |
| v. | |
| ANTHONY CAPPIELLO, | |
| Third-Party Defendant. | |

Defendants Township of West Orange, Township of West Orange Police Department,

James Abbott, Chief of Police, Matthew Fuela, Deputy Chief, Michael Keigher, Deputy Chief, and

Officer Michael Gallo (collectively the "West Orange Defendants"), by way of Answer to the Complaint filed by Plaintiff Amanda Sampey ("Plaintiff"), says:

## JURISDICTION

1.      At all times relevant herein, the Plaintiff Amanda Sampey was a resident of the State of New Jersey residing at 115 Old Short Hills Road, Apt. 545, West Orange, New Jersey 07052.

**ANSWER:**  West Orange Defendants neither admit nor deny the allegations contained in paragraph 1 of the Complaint and leave Plaintiff to her proofs.

2.      At all times relevant herein, upon information and belief, the Individual Defendants were residents of the State of New Jersey.

**ANSWER:**  West Orange Defendants neither admit nor deny the allegations contained in paragraph 2 of the Complaint and leave Plaintiff to her proofs

3.      At all times relevant herein, the public entity defendants were organized under the laws of the state of New Jersey.

**ANSWER:**  West Orange Defendants admit the allegations contained in paragraph 3 of the Verified Complaint except that Defendant West Orange Police Department is not a separate corporate entity.

4.      Jurisdiction is proper within this United Stated District Court for the District of New Jersey, pursuant to 28 U.S.C. Sec. 1331 as the matter in controversy involves Federal questions under 42 U.S.C. Sec. 1983. The Court has supplemental jurisdiction over the Plaintiffs State law claims pursuant to 28 U.S.C. Sec. 1367.

**ANSWER:**  West Orange Defendants neither admit nor deny the allegations contained in paragraph 4 of the Complaint and leave Plaintiff to her proofs.

## THE PARTIES

1.      Defendant Township of West Orange (hereinafter "West Orange") is a Municipal entity incorporated pursuant to the Municipal Laws of the State of New Jersey and at all times relevant hereto maintained a police department and furthermore, at all times relevant hereto Defendant the Township of West Orange had the duty to exercise its powers and authority over the police department pursuant to N.J.S.A. 40A:14-118, *et seq.* and to provide training, supervision and/or overall management of the Defendant West Orange Police Department and other employees such as the Defendant Court Administrator.

**ANSWER:** West Orange Defendants neither admit nor deny the allegations contained in paragraph 1 of the Complaint and leave Plaintiff to her proofs.

2.      Defendant Township of West Orange Police Department (hereinafter "Police Department") is a law enforcement agency whose principal place of business is located at 60 Main Street, West Orange, New Jersey 07052 and at all times relevant hereto Defendant Police Department had the duty to provide training, supervision and/or overall management of the Township of West Orange Police Department Officers.

**ANSWER:**  West Orange Defendants neither admit nor deny the allegations contained in paragraph 2 of the Complaint and leave Plaintiff to her proofs.

3.      Defendant Chief of Police James P. Abbott (hereinafter "Chief Abbott") at all times relevant hereto was the Chief of Police of the Township of West Orange responsible for the operation and management of the police department, department personnel, and/or for the enforcement of laws within the Township of West Orange, pursuant to N.J.S.A. 40A:14-118, *et seq.* as set forth herein in further detail. Defendant Abbott is named in both his Individual and official capacities, and at all times relevant hereto was acting under color of State Law.

3

**ANSWER:** West Orange Defendants neither admit nor deny the allegations contained in paragraph 3 of the Complaint and leave Plaintiff to her proofs.

4.      Defendant Matthew Fuela, at all times relevant hereto, was a Deputy Chief of Police of the Township of West Orange responsible for the operation and management of the police department, department personnel, and/or for the enforcement of laws within the Township of West Orange, pursuant to N.J.S.A. 4DA:14-118, *et seq.* as set forth herein in further detail. Defendant Fuela is named in both his individual and official capacities, and at all times relevant hereto was acting under color of State Law.

**ANSWER:** West Orange Defendants neither admit nor deny the allegations contained in paragraph 4 of the Complaint and leave Plaintiff to her proofs.

5.      Defendant Michael Keigher, at all times relevant hereto, was a Deputy Chief of Police of the Township of West Orange responsible for the operation and management of the police department, department personnel, and/or for the enforcement of laws within the Township of West Orange, pursuant to N.J.S.A. 40A:14-118, *et seq.* as set forth herein In further detail. Defendant Keigher is named in both his individual and official capacities, and at all times relevant hereto was acting under color of State Law.

**ANSWER:** West Orange Defendants neither admit nor deny the allegations contained in paragraph 5 of the Complaint and leave Plaintiff to her proofs.

6.      Defendant Michael Gallo (hereinafter "Gallo") was at all times relevant hereto a police officer with the Township of West Orange responsible for upholding and enforcing the law and maintaining the peace in the Township of West Orange and at all times relevant hereto was responsible for the arrest and incarceration of the Plaintiff on 4/28/22.  Defendant Gallo is named

in both his individual and official capacities, and at all times relevant hereto was acting under color of State Law.

**ANSWER:**  West Orange Defendants neither admit nor deny the allegations contained in paragraph 6 of the Complaint and leave Plaintiff to her proofs.

7.      Defendant Yvonne Bowers, (hereinafter "Bowers") was at all times relevant hereto, the Court Administrator for the Township of West Orange, New Jersey and was responsible for those duties associated with the position of Court Administrator and is the individual that issued the Warrant Complaint leading to the arrest of the Plaintiff on 4/28/22. Defendant Bowers is named in both her individual and official capacities, and at all times relevant hereto was acting under color of State Law.

**ANSWER:**  West Orange Defendants neither admit nor deny the allegations contained in paragraph 7 of the Complaint and leave Plaintiff to her proofs.

8.      Defendants John/Jane Does 1-5 are fictitious persons/law enforcement supervisors whose identifies are unknown at this time, and at all times relevant hereto were responsible for the response, investigation and/or enforcement of the laws within the Township of Wast Orange and/or were responsible for the training, supervision and/or management of the Township of West Orange Police officers named herein. At such time as their identities become known, this complaint will be amended to name the known persons. Defendants John/Jane Does supervisors 1-5 are named in both their individual and official capacities, and at all times relevant hereto was acting under color of State Law.

**ANSWER:**  West Orange Defendants neither admit nor deny the allegations contained in paragraph 8 of the Complaint and leave Plaintiff to her proofs.

12.     Defendants James/Jean Does 6-10 are fictitious names for police officers, and law enforcement personnel responsible for upholding and enforcing the law and Defendants James/Jean Does 6-10 are fictitious names for police officers, and law enforcement personnel responsible for upholding and enforcing the law and maintaining the peace in the Township of West Orange and at all times relevant hereto were responsible for the arrest and incarceration of the Plaintiff on 4/28/22. Defendants James/Jean Does 6-10 are named in both their individual and official capacities, and at all times relevant hereto were acting under color of State Law.

**ANSWER:** West Orange Defendants neither admit nor deny the allegations contained in paragraph 12 of the Complaint and leave Plaintiff to her proofs.

14.     [1]At all relevant times herein Defendants Abbott, Fuela, Keigher, Gallo, Bowers, John/Jane Does 1-5 and James/Jean Does 6-10 acted as employees, agents and/or servants and/or with the permission of the Defendants Township of West Orange and the Township of West Orange Police Department.

**ANSWER:** West Orange Defendants neither admit nor deny the allegations contained in paragraph 14 of the Complaint and leave Plaintiff to her proofs.

## FACTUAL BACKGROUND

1.     According to the investigation conducted to date, and documents in Plaintiff's possession, it appears that on April 26, 2022 the father of the Plaintiff's child, herein identified as "AC" responded to the West Orange Police Department alleging that the Plaintiff had driven by his home in or about February of 2022 and that his "Ring" doorbell camera recorded the Plaintiff driving by his home located in West Orange, New Jersey.  AC allegedly showed the police a video from his doorbell camera. The Warrant Complaint states that there was a civil restraint order stating

---

[1] The omission of ¶ 13 is intentional because Plaintiff's Complaint omitted ¶ 13 on Page 5.

"the parties shall not stalk or follow the other or appear at the other parties residence uninvited or unannounced". Purportedly, based upon this Information, Warrant Complaint 0722 W 2022 000092 was issued by Defendant Yvonne Bowers on 4/26/22.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 1 of the Complaint and lets the document speak for itself.

2.     After the Issuance of the Warrant Complaint on 4/26/22 the Plaintiff, through counsel, was advised that the Warrant Complaint was issued, and as a result of this communication, the Plaintiff turned herself in to the West Orange Police Department and was processed by an unknown West Orange Police Officer and subsequently incarcerated in the Essex County Jail until 4/29/22 at which time she was released.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.     The Warrant Complaint alleged a violation of NJSA 2C:29-9A.  The Complaint was administratively dismissed in that there was no basis, legally or factually for the Complaint to have been issued.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 3 of the Complaint.

4.     At the time of the alleged incident, the issuance of the Warrant Complaint and the arrest on 4/28/22, AC and the Plaintiff were parties to a "Consent Order for Civil Restraints" that had been entered in a Family Court matter pertaining to custody, parenting time, and support as to their common child.  The Docket # for that Family Court matter is SSX FD-19-114-21.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 4 of the Complaint and leave Plaintiff to her proofs.

5.      The first paragraph of the Consent Order for Civil Restraints that was filed on 1/18/22 states, "Plaintiff agrees to dismiss the temporary restraining order pending in the Essex County Superior Court under Docket# FV-07-1596-22".

**ANSWER:** West Orange Defendants neither admit nor deny the allegations contained in paragraph 5 of the Complaint and refer to the entirety of the document which speaks for itself.

6.      As set-forth above, Warrant Complaint 0722 W 2022 000092 references a "Civil Restraint Order" and a violation of NJSA 2C:29-9A, which statute references 2C:28-5.1, i.e. protective orders in criminal matters where there is reason to believe that an individual will engage in witness tampering or witness intimidation.  NJSA 2C:29-9A could not form the basis for the issuance of a Warrant Complaint given the facts in this matter and, no reasonable objective law enforcement officer or Court Administrator could so interpret the statute. Any such attempted interpretation and utilization of NJSA 2C:29-9A could only emanate from total and absolute ignorance of the criminal statutes and domestic violence laws of this State and/or be the product of malice, wanton, and reckless disregard of the rights of the Plaintiff and/or undertaken intentionally to deprive the Plaintiff of her constitutional rights. In that there was no existing or pending domestic violence proceeding or order at the time of the issuance of the Warrant Complaint and the arrest of the Plaintiff, NJSA 2C:29-9.b Is also patently inapplicable and Defendants Gallo Bowers knew or should have known of the Inapplicability of the statute.  NJSA 2C:25-30 and 31 are also not relevant to this matter being based on the existence of an active domestic violence order which the Defendants knew did not exist.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 6 of the Complaint.

## FIRST COUNT

## False Arrest/False Imprisonment

1.     Plaintiff repeats and reiterates the allegations of "The Parties" and "Factual Background" as though set forth verbatim herein.

**ANSWER:** West Orange Defendants repeat and reassert all responses set forth above as if continued herein at length.

2.     Probable cause did not exist for the issuance of the Warrant for the arrest of the Plaintiff Amanda Sampey and the actual arrest of the Plaintiff on 4/28/22. No criminal statute or other statute supported the arrest of the Plaintiff under the facts that existed at that time.

**ANSWER:**  West Orange Defendants deny the allegations contained in paragraph 2 of the First Count of the Complaint.

3.     At the time of the issuance of the arrest warrant, and the arrest of the Plaintiff, Defendants Gallo and Bowers acted in bad faith, with actual malice, and/or wanton and willful disregard of persons who foreseeably might be harmed by Defendants' actions. The obvious lack of probable cause is tantamount to intentional conduct on the part of these Defendants. No reasonable, objective police officer or officer of the court, giving these Defendants every benefit of the doubt, could conclude that probable cause existed for the issuance of a warrant.

**ANSWER:**  West Orange Defendants deny the allegations contained in paragraph 3 of the First Count of the Complaint.

4.     Under the facts and circumstances presented herein the Defendants cannot assert qualified immunity or any type of immunity given the malicious, and intentional conduct of the Defendants.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 4 of the First Count of the Complaint.

5.      It was the policy and/or custom of defendants Township of West Orange and/or the Township or West Orange Police Department, to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives such that the actions and/or Inaction of the entity would be deemed deliberate indifference to the rights and privileges of citizens such as the Plaintiff.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 5 of the First Count of the Complaint.

6.      As a result of the false arrest/false imprisonment of the Plaintiff, the plaintiff was wrongfully detained and/or deprived of her freedom and liberty.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 6 of the First Count of the Complaint.

7.      As a direct and proximate result of the false arrest/false imprisonment of the Plaintiff, the Plaintiff suffered humiliation, emotional damages, deprivation of her liberty, and damage to her reputation which are permanent in nature.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 7 of the First Count of the Complaint.

8.      Pursuant to <u>N.J.S.A.</u> 2A:15-5.10 Plaintiff prays for punitive damages.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 8 of the First Count of the Complaint.

**WHEREFORE**, West Orange Defendants demand judgment dismissing Plaintiff's Complaint in its entirety and awarding the Defendants reasonable attorneys' fees, expenses and such other and further relief as the Court deems just and equitable.

## SECOND COUNT

### Malicious Prosecution

1.    Plaintiff repeats and reiterates the allegations of "The Parties" and "Factual Background" as though set forth verbatim herein.

**ANSWER:** West Orange Defendants repeat and reassert all responses set forth above as if continued herein at length.

2.    The Warrant Complaint 0722 W 2022 000092 charging the Plaintiff with a violation of 2C:29-9A was without probable cause and was instituted against the Plaintiff by the Defendants Bowers and Gallo with actual malice, and the result of a lack of supervision and training by supervising officers Including Defendant Chief, Deputy Chiefs and John/Jane Does 1-5 supervisors as well as the Township of West Orange and the police department all of which constituted deliberate indifference.

**ANSWER:**  West Orange Defendants deny the allegations contained in paragraph 2 of the Second Count of the Complaint.

3.    It was the policy and/or custom of defendants Township of West Orange, West Orange Police Department and supervising Defendants to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives such that their conduct constituted deliberate indifference to the rights and privileges of individuals such as the Plaintiff Amanda Sampey.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 3 of the Second Count of the Complaint.

4.      Said malicious prosecution committed by the defendants was committed with actual malice, and/or with a wanton and willful disregard of persons who foreseeably might be harmed by defendants' actions.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 4 of the Second Count of the Complaint.

5.      As a direct and proximate result of the malicious prosecution of the plaintiff, the Plaintiff suffered humiliation, emotional damages, deprivation of her liberty, and damage to her reputation which are permanent in nature.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 5 of the Second Count of the Complaint.

6.      Pursuant to N.J.S.A. 2A: 15-5.10 plaintiff prays for punitive damages.

**ANSWER:**    West Orange Defendants deny the allegations contained in paragraph 6 of the Second Count of the Complaint.

**WHEREFORE**, West Orange Defendants demand judgment dismissing Plaintiff's Complaint in its entirety and awarding the Defendants reasonable attorneys' fees, expenses and such other and further relief as the Court deems just and equitable.

### THIRD COUNT

### Intentional Infliction of Emotional Distress

1.      Plaintiff repeats and reiterates the allegations of "The Parties" and "Factual Background" as though set forth verbatim herein.

**ANSWER:** West Orange Defendants repeat and reassert all responses set forth above as if continued herein at length.

2.    The Defendants' false arrest, false imprisonment, and malicious prosecution of the Plaintiff Amanda Samey was intentional and/or reckless conduct that the Defendants knew or should have known would cause the Plaintiff to suffer severe emotional distress.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 2 of the Third Count of Complaint.

3.    The Defendants false arrest, false imprisonment and malicious prosecution of the Plaintiff was extreme and/or outrageous under the circumstances.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 3 of the Third Count of the Complaint.

4.    As a direct and proximate result of the false arrest, false imprisonment and malicious prosecution of the plaintiff, the Plaintiff suffered humiliation, emotional damages, deprivation of her liberty, and damage to her reputation which are permanent in nature.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 4 of the Third Count of the Complaint.

5.    The emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 5 of the Third Count of the Complaint.

6.    Said intentional infliction of emotional distress committed by the defendants was with deliberate indifference, actual malice, and/or with a wanton and willful disregard of persons who foreseeably might be harmed by Defendants' actions.

**ANSWER:**  West Orange Defendants deny the allegations contained in paragraph 6 of the Third Count of the Complaint.

7.      It was the policy and/or custom of Defendants Township of West Orange, West Orange Police Department-and supervising Defendants to condone the actions of their agents, servants and/or employees by virtue of their training, supervision, policies, procedures and/or directives such that their conduct constituted deliberate Indifference to the rights and privileges of Individuals such as the Plaintiff Amanda Sampey.

**ANSWER:**  West Orange Defendants deny the allegations contained in paragraph 7 of the Third Count of the Complaint.

8.      Pursuant to N.J.S.A. 2A:15-5.10 Plaintiff prays for punitive damages.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 8 of the Third Count of the Complaint.

**WHEREFORE**, West Orange Defendants demand judgment dismissing Plaintiff's Complaint in its entirety and awarding the Defendants reasonable attorneys' fees, expenses and such other and further relief as the Court deems just and equitable.

## <u>FOURTH COUNT</u>

### <u>The Arrest and Incarceration of the Plaintiff Amanda Sampey Without Probable Cause In Contravention of Article I, Paragraph 7 of the New Jersey Constitution and N.J.S.A. 10:6-1 et seq. and the Fourth Amendment and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. Sec. 1983</u>

### <u>Defendants Gallo and Bowers and James/Jean Does 6-10</u>

1.      Plaintiff repeats and reiterates the allegations of "The Parties" and "Factual Background" as though set forth verbatim herein.

**ANSWER:** West Orange Defendants repeat and reassert all responses set forth above as if continued herein at length.

2.      The seizure, arrest and incarceration of the Plaintiff Amanda Sampey, was without probable cause in that there was no objective basis for the actions of the Defendant Officers.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 2 of the Fourth Count of the Complaint.

3.      The actions of the Defendant Officers and Defendant Bowers violated the clearly established Constitutional right of the Plaintiff not to be subjected to seizure of her person without probable cause. A reasonable law enforcement officer and/or Court Administrator in the circumstances presented knew or should have known that they were violating the Constitutional right of the Plaintiff to be free from unreasonable searches and seizures, i.e. searches and seizures not premised upon probable cause. The actions of the Defendant Officers and Defendant Bowers constitute violations of Article I, Paragraph 7 of the New Jersey Constitution and N.J.S.A. 10:6-1 et seq. and the Fourth and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. Sec. 1983.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 3 of the Fourth Count of the Complaint.

4.      The issuance of the arrest warrant and the subsequent arrest of the Plaintiff Amanda Sampey was the result of malicious, wanton, and reckless conduct such that one could conclude that the actions of Defendants Gallo and Bowers and James/Jane Does 6-10 were intentional and that Defendants Gallo and Bowers and James/Jane Does 6-10 would not be entitled to qualified immunity or other alleged Immunity to whatever degree.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 4 of the Fourth Count of the Complaint.

5.    As a direct result of the violation of Article I, Paragraph 7 of the New Jersey Constitution and N.J.S.A. 10:6-1 et seq. and the Fourth and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. Sec. 1983, the Plaintiff Amanda Sampey, suffered humiliation, emotional damages, deprivation of her liberty, and damage to her reputation which are permanent in nature.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 5 of the Fourth Count of the Complaint.

**WHEREFORE**, West Orange Defendants demand judgment dismissing Plaintiff's Complaint in its entirety and awarding the Defendants reasonable attorneys' fees, expenses and such other and further relief as the Court deems just and equitable.

<u>**FIFTH COUNT**</u>

<u>**Punitive Damages**</u>

<u>**Defendants Gallo and  Bowers and James/Jean Does 6-10**</u>

1.    Plaintiff repeats and reiterates the allegations of "The Parties" and "Factual Background" as though set forth verbatim herein.

**ANSWER:** West Orange Defendants repeat and reassert all responses set forth above as if continued herein at length.

2.    The actions of Defendant Officers and Defendant Bowers and James/Jean Does 6-10 as set forth herein were intentional, wanton and willfully in disregard of the Constitutional rights and the physical well-being of the Plaintiff. Pursuant to <u>N.J.S.A.</u> 2A:15-10 et seq. and principles of Federal common law applicable to Constitutional violations, the imposition of punitive damages would be justified given the nature of the actions of the Defendant Officers.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 2 of the Fifth Count of the Complaint.

**WHEREFORE**, West Orange Defendants demand judgment dismissing Plaintiff's Complaint in its entirety and awarding the Defendants reasonable attorneys' fees, expenses and such other and further relief as the Court deems just and equitable.

<u>**SIXTH COUNT**</u>

<u>**Defendant Supervisors Chief James Abbott, Deputy Chief Matthew Fuela,**
**Deputy Chief Michael Keigher and James/Jean Does 1-5**</u>

1.      Plaintiff repeats and reiterates the allegations of "The Parties" and "Factual Background" as though set forth verbatim herein.

**ANSWER:** West Orange Defendants repeat and reassert all responses set forth above as if continued herein at length.

2.      The Defendant Supervisors were directly aware, or should have been aware, of the danger of the Defendant Officers probable violation of a citizen's Constitutional right not to be subject to unreasonable seizure.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 2 of the Sixth Count of the Complaint.

3.      Despite this knowledge, the Defendant Supervisors took no steps to discipline, terminate, train and/or supervise the Defendant Officers such that they would not engage in the violation of the Constitutional rights of individuals such as the Plaintiff Amanda Sampey.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 3 of the Sixth Count of the Complaint.

4.      Defendant Supervisors were deliberately indifferent to the dangers presented by the Defendant Officers while engaged in their purported law enforcement duties under color of State law. This deliberate indifference was a product of the policy and/or custom of the Defendant Supervisors to condone the actions of the Defendant Officers by virtue of the Defendant Officers

training, supervision, and the policies, procedures and directives promulgated and carried out by the Defendant Supervisors.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 4 of the Sixth Count of the Complaint.

5.      As a direct result of this deliberate indifference of Defendant Supervisors and the policy and customs promulgated and carried out by the Defendant Supervisors, Plaintiff Amanda Sampey was subjected to an illegal and unconstitutional seizure of her person, thereby causing her to be wrongfully incarcerated, and to suffer humiliation, emotional damages, deprivation of her liberty, and damage to her reputation which are permanent in nature.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 5 of the Sixth Count of the Complaint.

6.      As a direct result of the Defendant Supervisors' deliberate indifference and the above referenced policies and/or customs, Plaintiff's civil rights were violated in contravention of 42 U.S.C. Sec. 1983, and the Fourth and Fourteenth Amendments of the U.S. Constitution.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 6 of the Sixth Count of the Complaint.

7.      As a direct result of the Defendant Supervisors' deliberate indifference and the above referenced policies and/or customs, Plaintiff's civil rights were violated in contravention of Article I, Paragraph 7 of the New Jersey Constitution and N.J.S. 10:6-1 et. seq.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 7 of the Sixth Count of the Complaint.

**WHEREFORE**, West Orange Defendants demand judgment dismissing Plaintiff's Complaint in its entirety and awarding the Defendants reasonable attorneys' fees, expenses and such other and further relief as the Court deems just and equitable.

## SEVENTH COUNT

### Defendant Township of West Orange and Township of West Orange Police Department

1.    Plaintiff repeats and reiterates the allegations of "The Parties" and "Factual Background" as though set forth verbatim herein.

**ANSWER:** West Orange Defendants repeat and reassert all responses set forth above as if continued herein at length.

2.    It was the policy and/or custom of the Defendants to condone the actions of the Townships' police officers and employees such as the Defendant Officers and Court Administrator by virtue of their training, supervision, policies, procedures and/or directives. The Defendants were deliberately Indifferent to the probability that the Defendant Officers and Court Administrator would engage in conduct that resulted in the unlawful seizure of the person of individuals such as the Plaintiff Amanda Sampey.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 2 of the Seventh Count of the Complaint.

3.    As a direct result of the deliberate indifference of Defendant Township and the policy and customs promulgated by the Defendant Township, Plaintiff Amanda Sampey was subjected to an illegal and unconstitutional seizure of her person, thereby causing her to be wrongfully Incarcerated, and to suffer humiliation, emotional damages, deprivation of her liberty, and damage to her reputation which are permanent in nature.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 3 of the Seventh Count of the Complaint.

4.      As a direct result of the Defendants' deliberate indifference and the above referenced policies and/or customs, Plaintiff's civil rights were violated in contravention of 42 U.S.C. Sec. 1983, and the Fourth and Fourteenth Amendments of the U.S. Constitution.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 4 of the Seventh Count of the Complaint.

5.      As a direct result of the Defendants' deliberate indifference and the above referenced policies and/or customs, Plaintiff's civil rights were violated in contravention of Article I, Paragraph 7 of the New Jersey Constitution and <u>N.J.S.</u> 10:6-1 et. seq.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 6 of the Seventh Count of the Complaint.

**WHEREFORE**, West Orange Defendants demand judgment dismissing Plaintiff's Complaint in its entirety and awarding the Defendants reasonable attorneys' fees, expenses and such other and further relief as the Court deems just and equitable.

<u>**EIGHTH COUNT**</u>

<u>**Violation of NJ Court Rules 3:3-1, 3:4-1**</u>

1.      Plaintiff repeats and reiterates the allegations of "The Parties" and "Factual Background" as though set forth verbatim herein.

**ANSWER:** West Orange Defendants repeat and reassert all responses set forth above as if continued herein at length.

2.      As set forth in the Factual Background, the Plaintiff Amanda Sampey was incarcerated on Warrant 0722-W-2022-000092 on 4/28/22. The charging and incarceration of the Plaintiff on a Warrant was the result of the willful, wanton, malicious and/or intentional conduct

of Defendant Officers and Court Administrator, and therefore, in direct contravention of N.J. Court Rules 3:3-1, 3:4-1, case law and/or statutes applicable to pre-trial detention. As a direct and proximate result of the Plaintiff's Incarceration on this Warrant, the Plaintiff suffered humiliation, emotional damages, deprivation of her liberty, and damage to her reputation which are permanent in nature.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 2 of the Eighth Count of the Complaint.

3.      An objective and reasonable police officer and Court Administrator in the position of the Defendant Officers and Court Administrator would know or should have known that their actions violated the referenced N.J. Court Rules.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 3 of the Eighth Count of the Complaint.

4.      The charging of the Plaintiff on a Warrant Complaint by the Defendant Officers and/or Court Administrator was committed with actual malice, intentionally and/or with a wanton and willful disregard of persons who foreseeably might be harmed by the Defendants' action. Pursuant to N.J.S.A. 2A:15-5.10, Plaintiff Amanda Sampey prays for punitive damages.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 4 of the Eighth Count of the Complaint.

3.      It was the policy and/or custom of the Township Defendants and Defendant Supervisors to condone and/or encourage violations of Court Rules, case law, and statutes, pertaining to pre-trial detention and by virtue of the training of officers, supervision, policies, procedures and/or directives, these Defendants would be deemed to have been deliberately

indifferent to violations of the Court Rules, case law and statutes governing the issuance of Warrants and pre-trial detention.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 3 of the Eighth Count of the Complaint.

4. As a direct and proximate result of the violation of the rules pertaining to pre-trial detention and Issuance of Warrants, Article I, paragraph 7 of the N.J. Constitution, the Fourth and Fourteenth Amendments of the U.S. Constitution, the Plaintiff was caused to be unlawfully incarcerated and as such suffered humiliation, emotional damages, deprivation of her liberty, and damage to her reputation which are permanent in nature.

**ANSWER:** West Orange Defendants deny the allegations contained in paragraph 4 of the Eighth Count of the Complaint.

**WHEREFORE**, West Orange Defendants demand judgment dismissing Plaintiff's Complaint in its entirety and awarding the Defendants reasonable attorneys' fees, expenses and such other and further relief as the Court deems just and equitable.

## **AFFIRMATIVE DEFENSES**

### **FIRST SEPARATE DEFENSE**

Plaintiff's Verified Complaint fails to state a cause of action upon which relief may be granted.

### **SECOND SEPARATE DEFENSE**

Plaintiff lacks standing to bring this action against the Township.

### **THIRD SEPARATE DEFENSE**

The West Orange Defendants are entitled to absolute immunity under the New Jersey Tort Claims Act.

**FOURTH SEPARATE DEFENSE**

The West Orange Defendants are entitled to qualified immunity.

**FIFTH SEPARATE DEFENSE**

The West Orange Defendants are entitled to absolute immunity under the <u>N.J.S.A.</u> 2C:25-

22.

**SIXTH SEPARATE DEFENSE**

Plaintiff's recovery is barred by the applicable statutes of limitations.

**SEVENTH SEPARATE DEFENSE**

Plaintiff's recovery is barred by the doctrine of estoppel.

**EIGHTH SEPARATE DEFENSE**

Plaintiff's recovery is barred by the doctrine of unclean hands.

**NINTH SEPARATE DEFENSE**

Plaintiff's recovery is barred by the doctrine of laches.

**TENTH SEPARATE DEFENSE**

Plaintiff's recovery is barred by public policy.

**ELEVENTH SEPARATE DEFENSE**

Plaintiff's recovery is barred by waiver.

**TWELFTH SEPARATE DEFENSE**

Any acts on the part of the West Orange Defendants were not the proximate cause of any

damages that may have been sustained by Plaintiff and therefore, violated no duty owed to

Plaintiff.

**THIRTEENTH SEPARATE DEFENSE**

Any acts on the part of the West Orange Defendants were not the actual cause of any

damages that may have been sustained by Plaintiff and therefore, violated no duty owed to

Plaintiff.

**FOURTEENTH SEPARATE DEFENSE**

Plaintiff's recovery is barred because Defendants owed no duty to the Plaintiff.

### FIFTEENTH SEPARATE DEFENSE

The West Orange Defendants acted reasonable at all times.

### SIXTEENTH SEPARATE DEFENSE

The West Orange Defendants acted at all times in good faith without any fraud or malice.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff's recovery is barred by their own contributory or comparative negligence.

### EIGHTEENTH SEPARATE DEFENSE

Plaintiff's recovery is barred by their own intentional acts of misconduct.

### NINETEENTH SEPARATE DEFENSE

Plaintiffs' recovery is barred they failed to mitigate any damages incurred.

### TWENTIETH SEPARATE DEFENSE

Plaintiff's recovery is barred by acts within their sole control and responsibility.

### TWENTY-FIRST SEPARATE DEFENSE

Plaintiff's recovery is barred because any injury to Plaintiff was the result of actions of persons and/or entities over whom the West Orange Defendants had no control.

West Orange Defendants reserve the right to assert any and all defenses, both legally and factually, as may be justified by information subsequently obtained.

### <u>THIRD-PARTY COMPLAINT</u>

West Orange Defendants hereby complains of Third-Party Defendant Anthony Cappiello pursuant to Federal Rule of Civil Procedure 14.

### <u>FACTS COMMON TO ALL PARTIES</u>

1.      West Orange Defendants repeat and reassert all responses set forth above as if continued herein at length.

2.      Third-Party Defendant Anthony Cappiello ("Cappiello" or "Third-Party Defendant") is an individual residing in the Township of West Orange.

3.      On April 26, 2022, Cappiello went to the Township of West Orange Police

Department seeking enforcement of a consent order with civil restraints against Plaintiff (the "Order").

4.      The Order was entered in docket number SSX FD-19-114-21.

5.      The Order required, among other things, for Cappiello to dismiss his Temporary Restraining Order pending in the Essex County Superior Court under docket FV-07-1596-22 and that "[t]he parties shall not stalk or follow the other or appear at the other parties' residence uninvited or unannounced."

6.      Cappiello alleged that Plaintiff had acted in violation of the Order.

7.      Cappiello showed the police certain Ring doorbell footage of a white Kia Sportage driving past Cappiello's home on February 13, 2022. Cappiello identified Plaintiff as the driver of the vehicle.

8.      As a result of Cappiello's report, complaint-warrant 0722 W-2022-000092 was issued for Plaintiff.

## COUNT I
## CONTRIBUTION

9.      West Orange Defendants repeat and reassert each and every paragraph above as if set forth at length herein.

10.     The Complaint herein seeks judgment against the West Orange Defendants including compensatory damages, punitive damages, interest, attorneys' fees and costs and any other relief the Court deems just.

11.     West Orange Defendants deny any and all legal liability and responsibility for the acts alleged in the Complaint.

12.     If, however, any of the West Orange Defendants are found liable to Plaintiff and a judgment is entered against any of the West Orange Defendants, the West Orange Defendants

assert a claim for contribution from Cappiello pursuant to <u>N.J.S.A.</u> 2A:53A-3.

13.    In the event that proofs developed in discovery or at trial establish a basis for liability on the party of any of the Co-Defendants and/or Cappiello and any of the Co-Defendants and/or Cappiello enter into a settlement agreement, in whole or in part, with Plaintiff, then the West Orange Defendants assert a claim of credit reducing the amount of any judgment in favor of Plaintiff against the West Orange Defendants to reflect the degree of fault allocated to the settling Co-Defendants and/or Cappiello pursuant to <u>Young v. Latta</u>, 123 <u>N.J.</u> 584 (1991).

**WHEREFORE**, the West Orange Defendants demand judgment against Cappiello in full with respect to any costs and damages that may be recovered by Plaintiff against the West Orange Defendants, plus interest, reasonable attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

<u>**COUNT II**</u>
<u>**INDEMNIFICATION**</u>

14.    West Orange Defendants repeat and reassert each and every paragraph above as if set forth at length herein.

15.    The Complaint seeks judgment including compensatory damages, punitive damages, interest, attorneys' fees and costs and any other relief the Court deems just.

16.    West Orange Defendants deny any and all legal liability and responsibility for the acts alleged in the Complaint.

17.    If, however, any of the West Orange Defendants are found liable for Plaintiff and a judgment is entered against any of the West Orange Defendants, the West Orange Defendants assert a claim for contribution from Cappiello pursuant to <u>N.J.S.A.</u> 2A:15-5.3.

18.    Further, if any of the West Orange Defendants are found liable to Plaintiff, which liability is denied, then the West Orange Defendants' liability is secondary, passive, vicarious, or

imputed and liability of Cappiello is primary, active, and direct.

**WHEREFORE**, the West Orange Defendants demand judgment against Cappiello in full with respect to any costs and damages that may be recovered by Plaintiff against the West Orange Defendants, plus interest, reasonable attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT III
## ABUSE OF PROCESS

19.    West Orange Defendants repeat and reassert each and every paragraph above as if set forth at length herein.

20.    Cappiello's actions in seeking to enforce the Order against Plaintiff through the Township of West Orange Police Department was an improper, illegal and perverted use of legal procedures.

21.    Cappiello had an ulterior motive by improperly using the Township of West Orange Police Department to enforce the Order.

**WHEREFORE**, the West Orange Defendants demand judgment against Cappiello in full with respect to any costs and damages that may be recovered by Plaintiff against the West Orange Defendants, plus interest, reasonable attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

22.    West Orange Defendants repeat and reassert each and every paragraph above as if set forth at length herein.

23.    Cappiello negligently misrepresented to the West Orange Defendants by going to the Township of West Orange Police Department for enforcement of the Order against Plaintiff.

24.    West Orange Defendants justifiably relied upon Cappiello's misrepresentation and suffered damages as a result.

**WHEREFORE**, the West Orange Defendants demand judgment against Cappiello in full with respect to any costs and damages that may be recovered by Plaintiff against the West Orange Defendants, plus interest, reasonable attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT V
## MISREPRESENTATION

25.    West Orange Defendants repeat and reassert each and every paragraph above as if set forth at length herein.

26.    Cappiello made misrepresentations to the West Orange Defendants when going to the Township of West Orange Police Department for enforcement of the Order against Plaintiff.

27.    The West Orange Defendants justifiably relied upon Cappiello's misrepresentation and suffered damages as a result.

**WHEREFORE**, the West Orange Defendants demand judgment against Cappiello in full with respect to any costs and damages that may be recovered by Plaintiff against the West Orange Defendants, plus interest, reasonable attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## COUNT VI
## FRAUD

28.    West Orange Defendants repeat and reassert each and every paragraph above as if set forth at length herein.

29.    By going to the Township of West Orange Police Department for enforcement of the Order, Cappiello intentionally made a material misrepresentation to West Orange Defendants.

30.    The West Orange Defendants relied upon Cappiello's misrepresentation and suffered damages as a result.

**WHEREFORE**, the West Orange Defendants demand judgment against Cappiello in full with respect to any costs and damages that may be recovered by Plaintiff against the West Orange Defendants, plus interest, reasonable attorneys' fees, costs of suit and such other and further relief as the Court deems just and equitable.

## RESERVATION OF RIGHTS

West Orange Defendants reserve the right, at or before trial, to move to dismiss the Complaint and/or for Summary Judgment, on the ground that the Complaint fails to state a claim upon which relief can be granted and/or West Orange Defendants are entitled to judgment as a matter of law, based on any and all of the above defenses.

## DEMAND FOR STATEMENT OF DAMAGES

West Orange Defendants demand that Plaintiff provide a written statement of damages within five (5) days of service of this Answer.

## DEMAND THAT ALL DOCUMENTS AND ELECTRONICALLY STORED INFORMATION BE MAINTAINED

West Orange Defendants demand that Plaintiff maintain any and all documents including electronically stored information, and any other data or data complications stored in any medium from which information can be obtained and translated.

## DEMAND FOR COPY OF DOCUMENTS REFERRED TO IN THE COMPLAINT

West Orange Defendants demand that Plaintiff produce a copy of any and all documents or papers referred to in the Complaint within five (5) days after service of this written demand.

<u>**DESIGNATION OF TRIAL COUNSEL**</u>

West Orange Defendants hereby designate Richard D. Trenk, Esq. as trial counsel in this matter.

<u>**JURY DEMAND**</u>

West Orange Defendants hereby demand a trial by jury as to all issues contained herein.

**TRENK ISABEL SIDDIQI**
**& SHAHDANIAN P.C.**
*Attorneys for Defendants Township of West Orange,*
*Township of West Orange Police Department,*
*James Abbott, Chief of Police, Matthew Fuela,*
*Deputy Chief, Michael Keigher, Deputy Chief,*
*Officer Michael Gallo*

By:    */s/ Richard D. Trenk*
    **RICHARD D. TRENK**

Dated:  June 20, 2024