UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAW OFFICE OF
ROBERT D. KOBIN, ESQ., LLC
66 Sunset Strip, Suite 205
Succasunna, NJ 07876
Phone: 973-584-1400; Fax 973-584-8747
robertkobin@kobinlawllc.com
Attorney for Plaintiff Amanda Sampey
Attorney ID: 5312

| | |
|---|---|
| AMANDA SAMPEY,<br>     Plaintiff,<br><br>  v.<br><br>TOWNSHIP OF WEST ORANGE<br>TOWNSHIP OF WEST ORANGE<br>POLICE DEPARTMENT;<br>JAMES ABBOTT, CHIEF OF<br>POLICE; MATTHEW FUELA,<br>DEPUTY CHIEF; MICHAEL<br>KEIGHER, DEPUTY CHIEF;<br>OFFICER MICHAEL<br>GALLO; YVONNE BOWERS,<br>WEST ORANGE COURT<br>ADMINISTRATOR; JOHN/JANE<br>DOES 1-5 (Supervisors); JAMES/<br>JEAN DOES 6-10 (Police Officers)<br>     Defendants,<br><br>  v.<br><br>ANTHONY CAPPIELLO,<br>     Third-Party Defendant. | Civil Action No. 2:24-cv-05691<br><br>CIVIL ACTION<br><br><br><br><br><br>ORDER TO RESTRICT PUBLIC ACCESS<br>PURSUANT TO Fed.R.Civ.P.5.2(e)(2);<br>Fed.R.Civ.P. 5.2.(a); AND L.Civ.R. 5.3.(c)(3) |

THIS MATTER having been opened to the Court by Joint Motion of the Parties, and submitted by Robert D. Kobin, Esq., Law Office of Robert D. Kobin, Esq., LLC, counsel for the

Plaintiff Amanda Sampey; and, Richard Trenk, Esq., Trenk, Isabel, Siddiqi & Shahdanian, P.C., Counsel for Defendants/Third Party Plaintiffs Township of West Orange; Township of West Orange Police Department; James Abbott, Chief of Police; Matthew Fuela, Deputy Chief; Michael Keigher, Deputy Chief; Officer Michael Gallo; and, Yvonne Bowers, West Orange Court Administrator; and, Kevin Orr, Esq., Law Office of Kevin Crawford Orr, Esq., Counsel for Third Party Defendant/Counterclaimant Anthony Cappiello joining in said Motion for the entry of an Order to Restrict Public Access to the Certification Anthony Cappiello, i.e. Document 15-2 (29 pages) filed on 7/31/24 pursuant to Fed.R.Civ.P. 5.2.(a); Fed.R.Civ.P. 5.2.(e)(2), and L.Civ.R. 5.3.(c).; and, it appearing that such an Order is necessary and appropriate and in the interest of the Parties and not contrary to the public interest relating to access; and,

WHEREAS the Court finds that pursuant to Fed.R.Civ.P. 5.2(a); Fed.R.Civ.P. 5.2.(e)(2); and, L.Civ.R. 5.3.(c):

1. The request to restrict public access furthers the legitimate private interest of the Parties in limiting information relating to the identity of an infant, limiting public access to personal identifiers, and limiting public access to a State Family Court Order;

2. If public access is not restricted the identity of an infant, personal identifiers and information relating to Family Court proceedings will be available to the public thereby posing a risk of injury as contemplated by Fed.R.Civ.P. 5.2(a); and, Fed.R.Civ.P. 5.2.(e)(2);

3. The request to restrict public access is sufficiently confined to those portions of the record which require restriction of public access;

4. There is no less restrictive alternative but for the sealing of public access to the portion of the record set-forth in the request by the Parties;

5. Any public interest in access to the documents to be sealed is minimal or non-existent;

6. There is no opposition to the joint application to seal; and,

THEREFORE, for good cause shown;

IT IS on this  7th  day of  October  2024,

ORDERED THAT:

The Clerk of the Court shall Seal and Restrict Public Access to the Certification of Anthony Cappiello in Support of Application for Emergent Hearing in its entirety, said document being designated as 15-2 consisting of twenty-nine (29) pages filed on 7/31/24.

Dated: October 7, 2024

_____
US Magistrate Judge
Jose R. Almonte